GATX/AIRLOG COMPANY; Gatx Capital Corp., a Delaware corporation; the Bank of New York; Airlog Management Corp., Plaintiffs,

and

Kalitta Air L.L.C., as assignee of American International Airways, Inc., Plaintiff—Appellant,

v.

EVERGREEN INTERNATIONAL AIRLINES INC, an Oregon corporation; Pemco Aeroplex, Inc.; Frederick L. Hatten; Sanford P. Burnstein; Central Texas Technologies Airborne Systems, Inc., a Delaware corporation; Elsinore, L.P.; Elsinore Aerospace Services; Gatx New Aircraft Corporation, a Delaware corporation, Defendants,

and

Central Texas Airborne Systems Inc., Defendant—Appellee.

No. 01–17165.
D.C. No. CV–96–02494–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Dec. 10, 2002.

Before B. FLETCHER, RICHARD S. ARNOLD * and RAWLINSON, Circuit Judges.

## MEMORANDUM **

### I. *Negligence*

The district court erred in granting summary judgment to Central Texas Airborne Systems, Inc. ("CTAS") on Kalitta Air's negligence claim. Because GATX fraudulently induced American International Airways ("AIA") to enter the Modification Agreements, AIA was entitled to rescind those Agreements. *See Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp.*, 32 Cal.App.4th 985, 38 Cal.Rptr.2d 783, 789 (Cal.Ct.App.1995). Therefore, the limitation of remedies provisions in the Modification Agreements did not preclude Kalitta Air's claim for negligence against CTAS. *See PWS, Inc. v. Ban*, 234 Cal.App.3d 223, 285 Cal.Rptr. 598, 600 (Cal.Ct.App.1991) ("The effect of a rescission is to void the contract *ab initio.*").

Because of GATX's fraudulent inducement, AIA's failure to rescind the Modification Agreements immediately after the issuance of the Airworthiness Directive ("AD") by the Federal Aviation Administration ("FAA") did not constitute waiver of its right to rescission. *See Lunardi v. Great–West Life Assur. Co.*, 37 Cal. App.4th 807, 44 Cal.Rptr.2d 56, 65 (Cal.Ct. App.1995) (finding that a party does not waive its right to rescind a contract on the ground of fraudulent misrepresentation if it is unaware of the fraud).

### II. *RICO*

A viable cause of action under RICO requires a showing of (1) conduct, (2) of an enterprise, (3) through a pattern of (4) racketeering. *See* 18 U.S.C. § 1962(c). The accused entity "must have some part in directing" the affairs of the enterprise. *See Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1128 (9th Cir.1997) (citation omitted). There is no evidence in the record that CTAS controlled or directed the behavior of the other defendants. Further, the evidence does not indicate that the defendants acted in concert. Instead, each defendant appeared to function as a party to a contract, without any plans for continuing cooperation beyond the terms of that contract. Such a scenario is an insufficient basis for RICO liability. *See Steam Press Holdings, Inc. v. Hawaii Teamsters and Allied Workers Union*, 302 F.3d 998, 1011 (9th Cir.2002). The district court properly granted summary judgment on Kalitta Air's RICO claim.

### III. *Punitive Damages*

■ AIA apparently assigned its claim in this action to Conrad Kalitta ("Kalitta"),

---

* The Honorable Richard S. Arnold, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

including its claim for punitive damages against CTAS. Kalitta in turn assigned the claim to Kalitta Air. Kalitta Air is therefore barred from seeking punitive damages against CTAS under California law, which bars the assignment of claims for punitive damages. *See Smith v. State Farm Mut. Auto. Ins. Co.,* 5 Cal.App.4th 1104, 7 Cal. Rptr.2d 131, 135 (Cal.Ct.App.1992). The district court did not err in barring Kalitta Air's claim for punitive damages.

## IV. *Evidence of CTAS' Previous Work*

The district court did not abuse its discretion when it prohibited Kalitta Air from presenting evidence at trial relating to CTAS' work on planes not owned by AIA. Kalitta Air was not able to demonstrate whether the repairs made by CTAS to the other planes were minor repairs that would not change the Supplemental Type Certificate ("STC") or whether they were major repairs that would have an impact on the STC and on CTAS' future work on AIA's planes. The district court properly limited the evidence at trial to evidence relevant to the planes owned by AIA. There was no prejudice to Kalitta Air from the exclusion of this evidence because Kalitta Air introduced a significant amount of evidence related to modifications of the STC.

## V. *FAA Reports*

■ The district court abused its discretion in excluding the FAA reports. There was no undue delay attributable to Kalitta Air in producing the reports. Kalitta Air's tardiness in producing the reports resulted solely from delay by the FAA in responding to Kalitta Air's FOIA requests. Kalitta Air produced redacted versions of the reports prior to the close of discovery and produced complete, certified and sealed copies of the reports soon after receiving them. In addition, Kalitta Air presented evidence indicating that CTAS knew or should have known of the existence of the reports, and therefore no prejudice resulted to CTAS as a result of the late production.

## VI. *Expert Testimony*

We address this issue as a prudential matter to assist the district court in its proceedings on remand. *See U.S. v. Mett,* 178 F.3d 1058, 1060 (9th Cir.1999).

■ The record reflects that the enterprise valuation theory articulated by Kalitta Air's expert is an acceptable method of calculating damages based on loss of business value. While some of the growth projected for AIA by Kalitta Air's expert was arguably overly optimistic, his basic assumptions were grounded in actual events and projected using an accepted methodology of business valuation. Accordingly, the expert's testimony was admissible. *See Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.,* 299 F.3d 769, 790 (9th Cir.2002).

## VII. *Reassignment to Originally Assigned Judge*

The judge originally assigned to this case is not currently a sitting judge. Accordingly, Kalitta Air's request to reassign the case to him is moot.

## VIII. *Conclusion*

The district court's grant of summary judgment in favor of defendant on Kalitta Air's RICO and punitive damage claims is AFFIRMED.

The district court's grant of summary judgment in favor of defendant on Kalitta

Air's negligence claim is REVERSED and REMANDED.

The district court's ruling excluding the evidence of defendant's previous work is AFFIRMED.

The district court's rulings excluding the FAA reports and testimony from Kalitta Air's expert are REVERSED and RE-MANDED.

AFFIRMED in part, REVERSED and REMANDED in part. Kalitta Air is awarded costs on appeal.